IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Northern Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil No. |
| **$17,268.00 in U.S. CURRENCY,** | : | |
| **Defendant.** | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $17,268.00 in United States currency (hereinafter, the "Defendant Property").

3.      The Defendant Property was seized on or about August 20, 2014, from Mohammad Ilyas and Mustanzir Zaheir pursuant to a consent search of the BP gas station located at 601 Compass Road, Baltimore, Maryland. The Defendant Property subsequently was placed in the custody of the United States Marshals Service in the District of Maryland where it remains.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.      This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

7.      The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable

instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Dennis W. Maye, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff have such other and further relief as the case may require.

Date: March 6, 2014

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

/s/ Stefan D. Cassella
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $17,268.00 in United States Currency.

I, Dennis W. Maye, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $17,268.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable Instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

1. Title 21 U.S.C. section 802(32)(A) states:

    The term "controlled substance analogue" means "a substance –

    (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II; [and either]

    (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

    (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II."

    *See United States v. Klecker*, 348 F.3d 69, 71 (4th Cir. 2003) (to establish that a substance is an analogue, the government must prove a chemical similarity to a controlled dangerous substance and either a similar effect as a controlled dangerous substance or that the defendant represented the substance to have similar effects as a controlled dangerous substance).

2. Title 21 U.S.C. section 813 states:

    A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in Schedule I.

3. Analysis conducted by DEA on analogues such as UR-144 and XLR11 has concluded that these analogues are substantially similar in chemical structure and have similar

pharmacological effects on the central nervous system to those of the Schedule I banned substance JWH-018. *See* http://www.deadiversion.usdoj.gov/drug_chem_info/spice/spice_url44_xlr11.pdf.

4. The Deputy administrator of the DEA issued a final order temporarily making [1–(5-fluoro-pentyl)–1 H–indol–3–yl](2,2,3,3–tetramethylcyclopropyl) methanone, its optical, positional, and geometric isomers, salts and salts of isomers ("XLR11") a Schedule I controlled dangerous substance, effective May 16, 2013. *See* 78 Fed. Reg. 28735-01, 21 C.F.R. § 1308.11(h)(10).

5. On August 16, 2013, members of the Baltimore County Police Narcotics Section ("BCPD") were conducting a joint investigation with the Maryland State Police ("MSP") which involved the distribution of synthetic cannabinoids.

6. On this date an MSP trooper, working in an undercover capacity, contacted Jagpreet Bhalla ("Bhalla") and negotiated the purchase of five hundred (500) packets of synthetic cannabinoids.

7. On August 20, 2013, a surveillance operation tracked the movement of Bhalla. He was arrested after pulling his 1997 Toyota Corolla, Maryland tag 9FML22, onto the parking lot of the BP gas station located at 601 Compass Road, Baltimore, Maryland.

8. A search of Bhalla's vehicle resulted in the recovery of 1,687 packets of synthetic cannabinoids and a total of $2,802.00 in United States currency.

9. Based on this investigation and observations made, members of BCPD and MSP entered the BP gas station and spoke with Mohammad Ilyas ("Ilyas"), the manager of the BP Station. When asked, Ilyas admitted to having "Scooby Snax" and similar items in the store. Ilyas then signed a consent to search form.

10. Both Ilyas and the owner of the BP gas station, Mustanzir Zaheir ("Zaheir") said that they haven't been selling "Scooby Snax" for five to six months.

11. Despite their claims of not selling these products, Ilyas and Zaheir possessed fifty-two (52) packets of synthetic cannabinoids in the BP gas station.

12. In addition, Ilyas and Zaheir possessed thirteen (13) grinders; numerous pipes; two (2) digital scales; rolling papers; screens; zip lock packets; and other drug paraphernalia in the BP gas station.

13. Ilyas and Zaheir possessed $17,268.00 in United States currency ("the defendant currency") in the BP gas station.

14. Criminal history checks were conducted on Zaheir and Ilyas.

15. No prior criminal record could be found on Zaheir.

16. In 2003, Ilyas was charged for overstaying in the country on his Visa.

17. The $17,268.00 in United States currency was seized from the BP gas station as it is representative at least in part as drug proceeds derived from the sale of these illicit synthetic cannabinoids, and for being used at least in part to restock the shelves with more synthetic cannabinoids and controlled dangerous substance paraphernalia, thus facilitating additional drug trafficking efforts of this establishment.

18. Both the owner of the BP gas station, Zaheir, and the manager, Ilyas, claimed that they were told by law enforcement five to six months prior to stop selling synthetic cannabinoids such as "Scooby Snax" and like products.

19. During that prior incident with law enforcement, officers seized twenty six (26) packets of "Scooby Snax." Officers subsequently returned the twenty-six packets of "Scooby Snax."

20. Both Zaheir and Ilyas acknowledged that BP also told them to stop selling these products.

21. The chemical compound XLR11 was not classified as a Schedule I controlled dangerous substance until May 16, 2013, which would have been after this prior encounter with law enforcement.

22. All grinders, scales, smoking implements, packaging materials, etc., found pursuant to the search on August 20, 2013, were located in close proximity to the cash register.

23. The fifty-two (52) packets of synthetic cannabinoids were found on a shelf of the stock room. The presence and quantity of these synthetic cannabinoid packets along with the other drug related paraphernalia shows the intent to sell this banned substance.

24. Eighteen (18) of the fifty-two packets located in the stock room were labeled as "Scooby Snax."

25. The fifty-two packets located in the stock room consisted of seven different named products, including "Mr. Happy Potpourri," "Joker," and Hookah Blast."

26. The substances in the "Mr. Happy Potpourri," "Joker," and Hookah Blast" packets tested positive for the presence of XLR11, which was classified as a Schedule I controlled dangerous substance before August 20, 2013.

27. The fact that Zaheir and Ilyas still had these prohibited items in the BP gas station, and that a known dealer stopped at their business with 1,687 packets of synthetic cannabinoids while making his rounds, further suggests their involvement in a continued criminal enterprise.

28. Accordingly, there is reasonable belief that the $17,268.00 in United States currency seized on August 20, 2013, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $17,268.00 IN UNITED STATES CURRENCY FROM MUSTANZIR ZAHEIR ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Dennis W. Maye
Task Force Officer
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Date: March 6, 2014

Stefan D. Cassella
Assistant United States Attorney